UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 25-1519 PA (Ex) | Date | July 7, 2025 |
|---|---|---|---|
| Title | Steven Mestas v. BMW Financial Services NA, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On March 17, 2025, the Court entered an Order granting the parties' Stipulation to Arbitrate and Stay Action. The Court's Order stated:

> If the arbitration is not completed by June 16, 2025, the Parties shall submit a Joint Status Report beginning on that date and continuing every three months until the arbitration is completed. Failure to file a required Joint Status Report by June 16 and every three months through completion of the arbitration, may, without further warning, result in dismissal of this action without prejudice.

(Docket No. 13.) The parties did not file the Joint Status Report that was due on or about June 16, 2025, despite the expiration of the deadline to do so.

In the absence of the required Joint Status Report, and the Court's explicit warning that the failure to file a Joint Status Report could result in the dismissal of the action, the Court concludes that dismissal is appropriate here because the parties have not complied with the Court's March 17, 2025 Order. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 — that defendant "may" move for dismissal — does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1519 PA (Ex) | Date | July 7, 2025 |
|---|---|---|---|
| Title | Steven Mestas v. BMW Financial Services NA, LLC | | |

1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, this Court's July 16, 2021 Order, as noted above, warned the parties that failure to file a required Joint Status Report may result in the dismissal of this action without prejudice. Despite this warning, the parties failed to submit the required report. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of the parties' violation of the Court's March 17, 2025 Order, this action is dismissed without prejudice. See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.